FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 24, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORENE M.,[1] | No. 2:19-cv-00248-MKD |
| Plaintiff, | |
| | ORDER DENYING PLAINTIFF'S |
| vs. | MOTION FOR SUMMARY |
| | JUDGMENT AND GRANTING |
| ANDREW M. SAUL, | DEFENDANT'S MOTION FOR |
| COMMISSIONER OF SOCIAL | SUMMARY JUDGMENT |
| SECURITY, | |
| Defendant. | ECF Nos. 16, 17 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 16, 17. The parties consented to proceed before a magistrate judge. ECF No. 9. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed.  For the reasons discussed below, the Court denies Plaintiff's

motion, ECF No. 16, and grants Defendant's motion, ECF No. 17.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are

ORDER - 2

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §

404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

the claimant's "residual functional capacity." Residual functional capacity (RFC),

defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations, 20 C.F.R. §

404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing work that he or she has performed in

the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is

capable of performing past relevant work, the Commissioner must find that the

claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of

performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing other work in the national economy.

20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner

must also consider vocational factors such as the claimant's age, education, and

past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of

adjusting to other work, the Commissioner must find that the claimant is not

disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to

other work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On May 5, 2016, Plaintiff applied for Title II disability insurance benefits alleging a disability onset date of August 20, 2013. Tr. 86, 179-80.[2] The application was denied initially and on reconsideration. Tr. 112-14; Tr. 116-17. Plaintiff appeared before an administrative law judge (ALJ) on September 19, 2017. Tr. 36-72. On June 27, 2018, the ALJ denied Plaintiff's claim. Tr. 12-34.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through March 31, 2015, has not engaged in substantial gainful activity since August 20, 2013. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments at her date last insured:

---

[2] Plaintiff previously applied for benefits on July 23, 2013. Tr. 177-78. The prior application was denied on January 27, 2014, Tr. 109-11, and Plaintiff did not appeal, Tr. 15. The ALJ declined to reopen the prior application. *Id.*

ORDER - 6

spinal impairment, right shoulder impairment (post-surgery), left carpal tunnel syndrome (post-surgery), gastroesophageal reflux disease (GERD) and/or irritable bowel syndrome (IBS), asthma, and obesity.  Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  Tr. 21.  The ALJ then concluded that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] could not climb ladders, rope, or scaffolding.  She could occasionally stoop, kneel, crouch, crawl, or climb ramps and stairs. She could frequently handle with her left (dominant) upper extremity. She could frequently reach in all directions with her right upper extremity.  She could frequently reach in all directions with her right upper extremity.  She needed to avoid concentrated exposure to vibration, hazards, pulmonary irritants, and extreme heat.  She needed to avoid even moderate exposure to extreme cold.

Tr. 22.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a furniture salesperson.  Tr. 26.  In the alternative, at step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as production line solderer, storage rental clerk, and electrical accessories assembler.  Tr. 27. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the

Social Security Act, from the alleged onset date of August 20, 2013, though the date last insured. Tr. 28.

On May 23, 2019, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;

2. Whether the ALJ properly evaluated Plaintiff's symptom claims; and

3. Whether the ALJ conducted proper step-four and step-five analyses.

ECF No. 16 at 7-17.

## DISCUSSION

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ improperly rejected the opinion of Toby Long, M.D. ECF No. 16 at 7-14.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant

[but who review the claimant's file] (nonexamining [or reviewing] physicians)."
*Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

Generally, a treating physician's opinion carries more weight than an examining

physician's, and an examining physician's opinion carries more weight than a

reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight

to opinions that are explained than to those that are not, and to the opinions of

specialists concerning matters relating to their specialty over that of

nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ

may reject it only by offering "clear and convincing reasons that are supported by

substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

"However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

(9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81

F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a nonexamining physician may

serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Dr. Long, a treating physician, opined in May 2013 that it was "very unlikely" Plaintiff would be able to return to any meaningful work and he supported her looking into disability options. Tr. 701-02. In July 2016, Dr. Long opined Plaintiff could not maintain gainful employment due to multiple medical issues, Tr. 924, and opined in December 2016 Plaintiff could not sustain any work as of her date last insured, Tr. 1047-48. The ALJ gave Dr. Long's opinions minimal weight. Tr. 25. As Dr. Long's opinions are contradicted by Dr. Stump's opinion, Tr. 1071, the ALJ was required to give specific and legitimate reasons, supported by substantial evidence, to reject the opinions. *See Bayliss*, 427 F.3d at 1216.

First, the ALJ found Dr. Long's opinions were cursory statements without references to medical evidence. Tr. 25. The Social Security regulations "give more weight to opinions that are explained than to those that are not." *Holohan*, 246 F.3d at 1202. "[T]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 at 1228. Dr. Long's opinions consist of statements that Plaintiff could not sustain any meaningful work due to her impairments and symptoms. Tr. 701-02, 924, 1047-48. However, the statements

only list her conditions, and state they limit her ability to work, without an explanation as to how the conditions limit her ability to work, nor do the statements contain citations to objective evidence. Tr. 924. While Plaintiff argues Dr. Long's opinions are not cursory as they are supported by his examinations and records, the ALJ properly found Dr. Long's opinions inconsistent with the objective evidence, as discussed *infra*. This was a specific and legitimate reason, supported by substantial evidence, to reject Dr. Long's opinion.

Second, the ALJ found Dr. Long's opinions inconsistent with Plaintiff's lack of treatment for her neck, shoulder, or back until December 2014. Tr. 26. An ALJ may discredit a claimant's symptom complaints if the claimant fails to show good reason for failing to follow treatment recommendations. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). While the fact that a claimant fails to pursue treatment is not directly relevant to the weight of a medical provider's opinion, the consistency of a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion. *See* 20 C.F.R. § 404.1527(c); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Plaintiff was seen for shoulder pain in May 2013 but received no treatment at that time; she did not receive treatment until December 2014. Tr. 23 (citing Tr. 369, 802). In February 2015, Plaintiff was advised to continue her home exercise

program for her right shoulder, and she did not receive further treatment through her date last insured. Tr. 23 (citing Tr. 859-60).

Similarly, Plaintiff was seen for her back pain in May 2013, but did not receive any treatment at that time, and she was not seen again until December 2014. Tr. 24 (citing Tr. 369, 802-06). Plaintiff discussed surgery for her back in January 2015 but did not receive further treatment for her back through the date last insured. Tr. 24 (citing Tr. 836-45). Plaintiff was seen several times during the relevant period for her gastrointestinal symptoms but frequently denied any symptoms. Tr. 24 (citing Tr. 719, 754, 793). She also did not routinely seek treatment for asthma symptoms and generally denied asthma symptoms. Tr. 24 (citing Tr. 754, 783).

Third, the ALJ reasoned Dr. Long's opinions are inconsistent with the objective evidence. Tr. 26. A medical opinion may be rejected if it is unsupported by medical findings. *Bray*, 554 F.3d at 1228; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 978 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). An ALJ may discredit physicians' opinions that are unsupported by the record as a whole. *Batson*, 359 F.3d at 1195. Moreover, an ALJ is not obliged to credit medical opinions that are unsupported by the medical source's own data and/or contradicted by the opinions

of other examining medical sources. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ reasoned Dr. Long's opinion that Plaintiff could not sustain any gainful employment was inconsistent with Plaintiff's examinations. Tr. 25-26. While Plaintiff had a decreased range of motion in her neck and right shoulder at an exam, she also had generally normal examinations on multiple occasions. *Id.* (citing Tr. 701, 707, 711, 724, 730, 754, 793, 802-07). Further, at the time Dr. Long gave his May 2013 opinion, his examination of Plaintiff only noted decreased range of motion in the neck and right shoulder. Tr. 25 (citing Tr. 701).

Plaintiff argues the medical evidence supports Dr. Long's opinion, as there are tests, imaging and studies ordered by Dr. Long. ECF No. 16 at 11. However, Plaintiff does not set forth an argument as to how the evidence supports Dr. Long's opinion. Regarding her back impairment, a 2012 lumbar MRI showed a disc protrusion causing central stenosis, and it abutted but did not compress the nerve roots. Tr. 24 (citing Tr. 373). Plaintiff did not report weakness due to her back but had limited range of motion in her lower back. Tr. 24 (citing Tr. 802-06). A 2014 lumbar MRI found high grade stenosis that had progressed since her prior imaging. Tr. 24 (citing Tr. 843). In January 2015, Plaintiff exhibited weakness and decreased sensation, though she had a normal gait and full range of motion in her lower extremities, and back surgery was discussed. Tr. 24 (citing Tr. 836-45).

Plaintiff did not have further treatment for her back through the date last insured, though an April 2015 exam noted no neurological deficits. Tr. 24 (citing Tr. 882).

Regarding her upper extremity impairments, Plaintiff had decreased range of motion in her shoulder in 2013 but she did not receive any treatment at that time, and she later had normal examinations. Tr. 23 (citing Tr. 369, 724, 730, 754). In December 2014, Plaintiff reported worsening shoulder pain, though her January 2015 exam showed normal strength, sensation and range of motion. Tr. 23 (citing Tr. 842). In February 2015, Plaintiff had weakness and limited range of motion but was advised only to continue a home exercise program. Tr. 23 (citing Tr. 859-60). A nerve conduction study in January 2015 showed only mild left carpal tunnel syndrome. Tr. 23 (citing Tr. 832).

Plaintiff's IBS/gastrointestinal impairments required treatment with MiraLAX, Lactulose and stool softeners. Tr. 24 (citing Tr. 757-65). Stomach biopsies showed mild chronic inflammation and moderate atrophy, Tr. 24 (citing Tr. 816), though Plaintiff generally denied having any gastrointestinal symptoms and generally had normal exams, Tr. 24 (citing Tr. 710, 719, 793). Plaintiff's exams also generally demonstrate her asthma was well-controlled and not symptomatic. Tr. 24 (citing, e.g., Tr. 710-11, 719). This was a specific and legitimate reason, supported by substantial evidence, to reject Dr. Long's opinion.

ORDER - 14

Fourth, the ALJ gave more weight to Dr. Saue's opinion than Dr. Long's opinions. Tr. 26. The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1041. Other cases have upheld the rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor when other reasons to reject the opinions of examining and treating physicians exist independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831 (citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion)); *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

Dr. Saue, a reviewing medical consultant, opined Plaintiff was capable of performing light work, with occasional climbing and frequent exertional and manipulative activities, and she should avoid concentrated exposure to vibration,

ORDER - 15

hazards, pulmonary irritants, and extreme heat. Tr. 105-07. The ALJ gave Dr.

Saue's opinion significant weight, reasoning it was consistent with the evidence

through the date last insured. Tr. 26. Dr. Saue's opinion is supported by the

evidence outlined by the ALJ, and as discussed *supra*, the ALJ gave multiple

specific and legitimate reasons to reject Dr. Long's opinion. The ALJ properly

gave more weight to Dr. Saue's opinion over Dr. Long's opinion.

Plaintiff argues the ALJ did not give specific and legitimate reasons to reject

the opinion, and the ALJ improperly failed to consider relevant factors such as the

treatment relationship, supportability and consistency of the opinion. ECF No. 16

at 9. For the reasons discussed *supra,* the ALJ gave specific and legitimate

reasons, supported by substantial evidence, to reject Dr. Long's opinions. While

Plaintiff contends the ALJ did not consider the nature and extent of the treatment

relationship, the ALJ explicitly acknowledged Dr. Long as a "treating physician,"

and referenced records from multiple appointments where Dr. Long examined

Plaintiff. Tr. 25-26. Plaintiff is not entitled to remand on these grounds.

## B. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and

convincing in discrediting her symptom claims. ECF No. 16 at 14-16. An ALJ

engages in a two-step analysis to determine whether to discount a claimant's

testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2.

"First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas*, 278 F.3d at 958 (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location,

duration, frequency, and intensity of pain or other symptoms; 3) factors that

precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

404.1529(c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," "to determine how symptoms limit ability to perform work-

related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

　　　The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the evidence.  Tr. 23.

　　　Plaintiff challenges only the ALJ's conclusion that Plaintiff's work history

was inconsistent with Plaintiff's symptom complaints.  ECF No. 16 at 14-16.

Plaintiff failed to challenge the other three reasons the ALJ cited in support of his

finding that Plaintiff's symptom complaints were not entirely consistent with the

evidence, thus, any challenges are waived, and the Court may decline to review

them.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  However, upon review, the Court finds that the ALJ provided specific, clear, and convincing reasons, supported by substantial evidence, to support his finding.

First, the ALJ found Plaintiff's symptom claims inconsistent with her work history.  Tr. 23.  Working with an impairment supports a conclusion that the impairment is not disabling.  *See Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992); *see also Bray*, 554 F.3d at 1227 (seeking work despite impairment supports inference that impairment is not disabling).  Although Plaintiff alleges disability in part due to her shoulder impairment, Plaintiff worked with the impairment until her employer closed.  Tr. 23 (citing Tr. 673).  While Plaintiff reported she stopped working due to her shoulder impairment, the ALJ reasoned such testimony is inconsistent with Plaintiff's minimal treatment during the relevant period.  *Id.* Plaintiff argues she earned minimal amounts in 2011 through 2013, demonstrating she had difficulty working with her shoulder injury.  ECF No. 16 at 16.  However, Plaintiff's shoulder injuries began in 1998, and despite her symptoms, she worked full-time and then part-time for the years leading up to her alleged onset date.  Tr. 672-73.

Plaintiff also alleges disability in part due to her back impairment, but she reported worsening back pain for several years in 2011, though she had worked

during that time, and she had minimal treatment for her back during the relevant period. Tr. 23-24 (citing Tr. 338). Surgery was recommended prior to Plaintiff's date last insured, Tr. 844-45, but there is no evidence Plaintiff sought surgery or additional treatment for her back prior to the date last insured, Tr. 24. Plaintiff is repeatedly referenced as being a self-employed interior designer during the relevant period, Tr. 407, 481, 603, 773, though this work was not addressed in her work history report nor at the hearing, Tr. 43, 198. This was a clear and convincing reason to reject Plaintiff's symptom claims.

Second, the ALJ found Plaintiff's symptom claims inconsistent with the objective evidence and longitudinal record. Tr. 23-24. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680. However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

While Plaintiff's records demonstrate ongoing symptoms due to her impairments, the ALJ reasonably found that the record is inconsistent with

Plaintiff's alleged disabling limitations. Though Plaintiff had a decreased range of motion in her neck and right shoulder at an exam, she also had generally normal examinations on multiple occasions. Tr. 23 (citing Tr. 701, 707, 711, 724, 730, 754, 793, 802-07). Although lumbar MRIs showed abnormalities, and Plaintiff had some abnormalities on exam, she did not report weakness, had a normal gait and range of motion at some exams and does not appear to have ever pursued surgery. Tr. 24 (citing Tr. 373, 802-06, 836-45).

While Plaintiff had decreased range of motion in her shoulder, she did not receive treatment through 2014 and later had generally normal examinations. Tr. 23 (citing Tr. 369, 724, 730, 754, 842). A nerve conduction study in January 2015 showed only mild left carpal tunnel syndrome. Tr. 23 (citing Tr. 832). Though stomach biopsies showed mild chronic inflammation and moderate atrophy, Tr. 24 (citing Tr. 816), Plaintiff generally denied having any gastrointestinal symptoms and generally had normal exams, Tr. 24 (citing Tr. 710, 719, 793). Plaintiff's exams also generally demonstrate her asthma was well-controlled and not symptomatic. Tr. 24 (citing, e.g., Tr. 710-11, 719). This was a clear and convincing reason to reject Plaintiff's symptom claims.

Third, the ALJ found Plaintiff's statements inconsistent with her generally conservative treatment and lack of treatment. Tr. 23. Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of

treatment may serve as a basis to discount the claimant's reported symptoms, unless there is a good reason for the failure. *Orn*, 495 F.3d at 638. Additionally, the effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Tommasetti*, 533 F.3d at 1040 (recognizing a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). The record must reflect that the severity of the condition decreased sufficiently to permit the claimant to engage in gainful activity. *Warre*, 439 F.3d at 1006.

As discussed *supra,* Plaintiff had periods where she did not obtain treatment for her impairments. Plaintiff's carpal tunnel release improved her pain and tingling, though she had some continued symptoms. Tr. 18, 786. Plaintiff's shoulder impairment was treated during the relevant period with a home exercise program. Tr. 23 (citing Tr. 859-60). Plaintiff's IBS/gastrointestinal symptoms were treated with over the counter treatment. Tr. 24 (citing Tr. 757-65). Her asthma was well-controlled. Tr. 24 (citing Tr. 710-11, 719). Plaintiff's back impairment was treated with Ibuprofen and Dilaudid for a period of time, and eventually surgery was discussed for Plaintiff's back impairment in January 2015, but there is no evidence she sought surgery and there is no explanation as to why

the option was not pursued.  Tr. 24 (citing Tr. 347, 836-45).  This was a clear and convincing reason to reject Plaintiff's symptom claims.

Fourth, the ALJ found Plaintiff's claims inconsistent with her previous reports.  Tr. 23-24.  In evaluating a claimant's symptom claims, an ALJ may consider the consistency of an individual's own statements made in connection with the disability-review process with any other existing statements or conduct under other circumstances.  *Smolen*, 80 F.3d at 1284 (The ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid.").

Plaintiff testified that she had ongoing limitations due to her asthma, gastrointestinal symptoms, and symptoms due to her carpal tunnel syndrome, right shoulder impairment, back impairment and kidney stones.  Tr. 22-23, 43-57.  However, on multiple occasions, Plaintiff previously reported not experiencing any weakness or paresthesia in her upper extremities, Tr. 23 (citing Tr. 802-07), denied weakness due to back pain, Tr. 24 (citing Tr. 802-06), and denied gastrointestinal symptoms and asthma symptoms on multiple occasions, Tr. 24 (citing, e.g., Tr. 710, 719, 723).  The ALJ reasonably found Plaintiff made inconsistent statements about her symptoms.  This was a clear and convincing reason to reject Plaintiff's symptom claims.

The ALJ identified several clear and convincing reasons, supported by substantial evidence, to discount Plaintiff's symptom complaints.

**C. Step-Four and Step-Five Analyses**

Plaintiff contends the ALJ's step four and step five findings were based on an improper RFC formulation. ECF No. 16 at 16-17. However, Plaintiff's argument is based entirely on the assumption that the ALJ erred in considering the medical opinion evidence and Plaintiff's symptom claims. *Id.* For reasons discussed throughout this decision, the ALJ's consideration of Plaintiff's symptom claims and consideration of the medical opinion evidence are legally sufficient and supported by substantial evidence. Thus, the ALJ did not err in assessing the RFC or finding Plaintiff capable of performing her past work or other work existing in the national economy.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

ORDER - 24

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED March 24, 2020.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 25